UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA

     - v -

**GIOVANNI CASTELLANOS,**
       Movant-Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MEMO ENDORSED

MOTION
13 Cr. 40 (DC)
16 Civ. 4498 (DC)
16 Civ. 5129 (DC)

      With the consent of the government, Giovanni Castellanos moves, pursuant to 28 U.S.C. § 2255, to vacate his Count Two conviction and 60-month consecutive sentence for using a firearm during and in relation to a crime of violence (namely, conspiracy to commit Hobbs Act robbery).

      Castellanos pleaded guilty to a two-count superseding information charging him with: (1) conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951; and (2) using a firearm during and in relation to that conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Cr. Dkt. No. 77. This Court sentenced Castellanos to 240 months on the Hobbs Act conspiracy count, and a consecutive term of 60 months on the § 924(c)(1)(A)(i) firearm count, for a total of 300 months. Cr. Dkt. No. 97. Castellanos did not appeal, and this Court denied his initial § 2255 motion. Cr. Dkt. No. 102.

      In 2016, within one year of *Johnson v. United States*, 135 S. Ct. 2551 (2015)—which struck as void for vagueness the residual clause of ACCA's definition of "violent felony," 18 U.S.C. § 924(e)(2)(B)(ii)—

1

Castellanos, pro se, applied for authorization from the Second Circuit, pursuant to § 2255(h)(2), to file a successive § 2255 motion.[1] While that application was pending, the Supreme Court held that § 924(c)(3)(B)'s residual clause is void for vagueness, in violation of the Fifth Amendment's Due Process Clause. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). Then, in light of *Davis*, the Second Circuit held that conspiracy to commit Hobbs Act robbery is no longer a valid § 924(c) predicate, and vacated a § 924(c) conviction based on that predicate. *United States v. Barrett*, 937 F.3d 126, 127 (2d Cir. 2019).

Following *Davis* and *Barrett*, the Second Circuit granted Castellanos authorization to proceed on the claim that his § 924(c)(1)(A)(i) conviction—also predicated on conspiracy to commit Hobbs Act robbery—was invalid. Order, *Castellanos v. United States*, No. 16–1698 (2d Cir. Oct. 29, 2019), Dkt. No. 60, attached as Exh. A.[2]

This case is directly controlled by *Davis* and *Barrett*. The predicate crime of violence for Castellanos's § 924(c)(1)(A)(i) conviction was conspiracy to commit Hobbs Act robbery. But "the identification of that crime as one of violence depends on the § 924(c)(3)(B) residual clause definition, which *Davis* has now pronounced unconstitutionally vague." *Barrett*, 937 F.3d at 128.

Accordingly, the parties agree that this Court should grant Castellanos's motion, vacate his Count Two conviction and consecutive 60-month sentence, and enter an amended judgment reflecting only a conviction on Count One, and a 240-month sentence.

---

[1] Castellanos also filed a pro se request with this Court, *see* 16 Civ. 5129; and Federal Defenders of New York filed a placeholder request with this Court, *see* 16 Civ. 4498.

[2] Castellanos's motion asserts a new, retroactive, constitutional rule. *E.g., In re Mullins*, ___ F.3d ___, 2019 WL 5777997 (10th Cir. Nov. 4, 2019); *In re Hammoud*, 931 F.3d 1032 (11th Cir. 2019).

Dated:   November 26, 2019
         New York, New York

/s/ Daniel Habib
Assistant Federal Defender
Counsel for Movant-Defendant
**Giovanni Castellanos**
Tel. (212) 417–8769

CC:   Government Counsel (by ECF)

MOTION GRANTED. The conviction on Count Two is VACATED, as is the 60-month consecutive sentence imposed on Count Two. The Court will enter an amended judgment reflecting only a conviction on Count One and a 240-month sentence. SO ORDERED.

12-9-2019

USCJ Sitting By Designation

3