UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA            :

      - against -                :      **ORDER**
                                                         13 Cr. 40 (DC)
GIOVANNI CASTELLANOS,               :      20 Civ. 2758 (DC)

              Defendant.    :

- - - - - - - - - - - - - - - - -x

**DENNY CHIN**, Circuit Judge:

        Defendant Giovanni Castellanos, currently incarcerated in Pennington Gap, Virginia and proceeding pro se, moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence entered in the underlying criminal case on October 31, 2014, and amended on December 10, 2019.  13-cr-40 (DC), Dkt. Nos. 97 & 111.  For the reasons set forth below, the Court transfers this matter to the United States Court of Appeals for the Second Circuit.

        This is the third time Castellanos has moved for relief from his conviction under 28 U.S.C. § 2255. In his first motion, filed on April 17, 2015, Castellanos argued that his counsel was ineffective for failing to object when the Court allegedly erred in applying a murder enhancement at sentencing and failed to consider the 18 U.S.C. § 3553(a) factors when imposing sentence.  I denied the motion on July 30, 2015,

holding that Castellanos's arguments were both waived by the waiver provision of his plea agreement and meritless. See 15-Civ-3196 (DC), Dkt. No. 3.

Castellanos filed another habeas petition on June 22, 2016 seeking to vacate his Count Two conviction under 18 U.S.C. § 924(c) in light of Johnson v. United States, 135 S. Ct 2551 (2015). See 16-Civ-4498 (DC), Dkt. No. 1; 16-Civ-5129 (DC), Dkt. No. 1. A defendant needs permission from the Circuit court to file a successive § 2255 motion, see 28 U.S.C. § 2255(h), and the Second Circuit construed Castellanos's motion as invoking United States v. Davis, 139 S. Ct 2319 (2019), and granted him leave. 16-Civ-4498 (DC), Dkt. No. 3; 16-Civ-5129 (DC), Dkt. No. 3. On December 9, 2019, on the consent of both parties, I granted Castellanos's motion to vacate his Count Two conviction along with the 60-month consecutive sentence originally imposed on that Count. 13-cr-40 (DC), Dkt. No. 110.

Castellanos now moves, pro se, to set aside his remaining count of conviction arguing, inter alia, that his counsel was ineffective for failing to raise a constitutional challenge to his 18 U.S.C. § 924(c) conviction at sentencing. Castellanos has not been granted permission by the Second Circuit to file this latest successive § 2255 motion. See 28 U.S.C. § 2255(h). Accordingly, in the interest of justice, the Court transfers this matter to the United States Court of

Appeals for the Second Circuit to decide whether to grant Castellanos leave to file another successive § 2255 motion. See 28 U.S.C. § 1631; see also Liriano v. United States, 95 F.3d 119, 122-23 (2d Cir. 1996). This order closes this action. If the Court of Appeals authorizes Castellanos to file a successive motion, he shall move to reopen this case under this civil docket number.

As the motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: New York, New York
April 7, 2020

                                              s/Denny Chin
                                              DENNY CHIN
                                              United States Circuit Judge
                                              Sitting By Designation